UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ELMI ABDI                      ]
    Petitioner,             ]
                               ]
v.                             ]     No. 3:14-0007
                               ]     Judge Trauger
DEBRA JOHNSON, Warden          ]
    Respondent.             ]

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Debra Johnson, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On February 23, 2009, a jury in Davidson County found the petitioner guilty of aggravated robbery. Docket Entry No.12-1 at pg.44; Docket Entry No.12-2 at pg.132. For this crime, he was sentenced as a Range III persistent offender to a term of thirty (30) years in prison. Docket Entry No.12-1 at pgs.47-51.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction and petitioner's status as a persistent offender. Docket Entry No.12-6. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket

1

Entry No.12-8.

The petitioner next filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.12-9 at pgs.15-22. Counsel was appointed and the petitioner filed an amended post-conviction petition. *Id.* at pgs.27-30. Following an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs.32-36.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.12-13. Once again, the Tennessee Supreme Court chose not to grant the petitioner's request for additional review. Docket Entry No.12-15.

## II. Procedural History

On January 2, 2014, the petitioner initiated this action with the *pro se* filing of a petition for writ of habeas corpus (Docket Entry No.1). The petition contains nine claims for relief. These claims include:

> 1) the petitioner was denied the effective assistance of post-conviction counsel[1]
>    a) failure to include in an amended petition all issues raised by the petitioner in his initial *pro se* post-conviction petition;
>    b) failure to have trial counsel testify at the post-conviction evidentiary hearing about all issues raised by the petitioner in his initial *pro se* post-

---

[1] During the initial post-conviction proceedings, the petitioner was represented by Elaine Heard, a member of the Davidson County Bar.

conviction petition; and
            c) "not going after" appellate counsel
               for failing to allege that trial
               counsel had been ineffective;

    2)   the petitioner was denied the effective
         assistance of trial counsel[2]
            a) failure to challenge petitioner's
               designation as a Range III persistent
               offender;
            b) failure to have certain parts of
               the record transcribed to support
               a motion for new trial;
            c) failure to explain to the petitioner
               "the nature and consequences of his
               decision not to testify";
            d) failure to consult with the
               petitioner "regarding the decision
               to file or not file certain pre-
               trial motions"; and
            e) "opened the door" during examination
               of a witness to information showing
               that the petitioner had been
               previously convicted of robbing the
               same victim;

    3)   the petitioner was denied the effective
         assistance of appellate counsel[3] when he
         neglected to assert an ineffective assistance
         claim against trial counsel.

Upon its receipt, the Court reviewed the petition and determined that it contained at least one colorable claim for relief. Rule 4, Rules --- § 2254 Cases. Accordingly, an order (Docket Entry No.2) was entered directing the respondent to file an answer, plead or otherwise respond to the petition.

---

[2] At trial, petitioner was represented by Jason Gichner, a former Assistant Public Defender and member of the Davidson County Bar.

[3] On direct appeal, the petitioner was represented by William E. Griffith, a member of the Davidson County Bar.

Presently before the Court are the respondent's Answer (Docket Entry No.13) and the petitioner's Reply (Docket Entry No.14) to the Answer. Having carefully considered the petition, respondent's Answer, petitioner's Reply and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Smith v. United States of America</u>, 348 F.3d 545,550 (6th Cir.2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Post-Conviction Claims**

The petitioner alleges three instances in which post-conviction counsel denied him effective assistance in violation of the Sixth Amendment (Claim No.1a-c).

In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that the fact or duration of his incarceration is in some way constitutionally defective. 28 U.S.C. § 2254(a); <u>Koontz v. Glossa</u>, 731 F.2d 365, 368 (6th Cir. 1984). A state is not constitutionally required to provide convicted felons with a means by which they can collaterally attack their convictions. <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987). Thus, a federal writ of habeas corpus will not issue when the petitioner is merely challenging errors or

4

deficiencies related to a state post-conviction proceeding. <u>Kirby v. Dutton</u>, 794 F.2d 245 (6th Cir. 1986).

Claims 1a-c assert deficiencies in the manner that counsel conducted the post-conviction proceeding and evidentiary hearing. Such claims do not directly relate to the legality of petitioner's confinement. Consequently, these claims are insufficient to support an award of habeas corpus relief. 28 U.S.C. § 2254(i).

**B.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-20 (1982); <u>Lyons v. Stovall</u>, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. <u>Hicks v. Straub</u>, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must

present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[4]

The petitioner has alleged that his trial counsel was deficient for failing to have certain parts of the record transcribed for purposes of a motion for new trial (Claim No.2b). He also contends that appellate counsel (direct appeal) should have raised an ineffective assistance claim against trial counsel (Claim No.3).

These claims were never offered to the state courts during either direct appeal, Docket Entry No.12-4, or post-conviction, Docket Entry No.12-11.[5]

---

[4] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

[5] Petitioner did present Claim No.2b in his original *pro se* post-conviction petition. Docket Entry No.12-9 at pgs.18-19. This claim, however, was not carried over to his amended post-conviction petition. Docket Entry No.12-9 at pgs.27-30. Nor was it ever raised in the state appellate courts. Docket Entry No.12-11.

Unfortunately, at this late date, the petitioner is no longer able to raise these particular claims in state court. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to them. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).[6]

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162

---

[6] The respondent asserts that the petitioner also procedurally defaulted his state court remedies for Claim No.2d, i.e., trial counsel's failure to consult with him regarding the decision to file or not file certain pre-trial motions. However, in petitioner's post-conviction appellate brief, he alleged that trial counsel failed to consult with petitioner at all stages of the trial process, including his decision to testify. Docket Entry No.12-11. The Court finds that this claim encompassed the filing of pre-trial motions. Thus, the Court does not believe that this claim was procedurally defaulted.

(1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

In his Reply to the respondent's Answer, the petitioner argues that cause for the procedural defaults rest with post-conviction counsel's failure to preserve these claims for appellate review. Docket Entry No.14 at pg.3. The Sixth Circuit has recently determined that the ineffectiveness of post-conviction counsel can be asserted as cause to excuse a prisoner's procedural default of a federal habeas claim that his trial counsel was constitutionally ineffective. Sutton v. Carpenter, 745 F.3d 787,795-96 (6th Cir.2014). Nevertheless, the Sutton decision does not relieve the petitioner of his obligation to also demonstrate prejudice, i.e., that his trial was infected with constitutional error as a result of counsel's ineffectiveness. The petitioner has made no such

8

showing. Therefore, the procedural default of these claims is unexcused, and they will not support an award of habeas corpus relief.

**C.) Fully Exhausted Claims**

The remaining claims challenging the effectiveness of trial counsel (Claim Nos.2a,c-e) were considered by the state courts on the merits and have been fully exhausted.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. <u>Harrington v. Richter</u>, 131 S.Ct. 770,780 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); <u>Nevers v. Killinger</u>, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle

9

involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 529 U.S. 389.

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice arises when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 466 U.S. 694. When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner alleges that trial counsel was ineffective for failing to challenge his designation as a Range III persistent offender (Claim No.2a).

The trial judge determined during the sentencing phase of

petitioner's trial that he qualified as a Range III persistent offender. Docket Entry No.12-1 at pg.49. On appeal, it was held that the petitioner had been properly sentenced as a Range III persistent offender. Docket Entry No.12-6 at pgs.7-9.

During the post-conviction evidentiary hearing, counsel explained his position in this matter as follows :

> Q. And I guess the sentencing phase he seemed — he - you stated before that he had some issue about his range.
>
> A. Correct.
>
> Q. How did you handle the sentencing?
>
> A. Well, I - you know, I didn't want to present an argument to the Court that was contrary to what he wanted to argue. But at the same time, I was in a position where I couldn't make an argument to the Court that I knew factually to be not true.
>
> Q. Uh-huh.
>
> A. So I - the way we fashioned it at the hearing is he testified at the sentencing hearing and the Court allowed him to present his own authorities to the Court and make his own argument to the Court as to why he believed he was a Range 1. I - I didn't make that argument in my concluding argument at the sentencing hearing because I didn't think factually I could.
>
> But I - I just stood silent on the point and allowed him to make that argument to the Court. Because, you know, I want - I didn't want to undermine. I wanted him to get the chance to make the argument he wanted made, I just couldn't make it.

Docket Entry No.12-10 at pgs.9-10.

11

Admittedly, counsel did not personally challenge the petitioner's designation as a Range III persistent offender. However, the petitioner was himself allowed to make his argument. Docket Entry No.12-2 at pgs.138-140. The trial judge did consider the argument and found that it lacked merit. *Id.* at pg.161. Thus, even though counsel may have been deficient in some manner, the petitioner was not prejudiced by counsel's failure to make the argument. The petitioner was heard on the matter. This claim, therefore, has no merit.

The petitioner next claims that trial counsel was ineffective for failing to explain "the nature and consequences of his decision not to testify" (Claim No.2c).

When the petitioner told the court that he would not take the witness stand, a hearing was held to determine whether the petitioner had made an informed decision. Docket Entry No.12-2 at pgs.118-119. During questioning, the petitioner stated that he understood that he had a right to testify and that the decision was entirely his. *Id.*

At the post-conviction evidentiary hearing, the petitioner explained that he agreed not to testify because the prosecutor would have impeached his testimony with prior convictions. Docket Entry No.12-10 at pg.21. The trial judge accredited counsel's testimony "that he had thoroughly discussed the merits of the defendant testifying". Docket Entry No.12-9 at pg.36. This finding

12

of fact is entitled to a presumption of correctness that can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner has offered no such evidence. Consequently, this claim has no merit.

The petitioner has alleged that counsel was ineffective for failing to consult with him "regarding the decision to file or not file certain pre-trial motions" (Claim No.2d).

There is nothing in the petition identifying what pre-trial motions the petitioner is referring to in this claim. As a result, the Court can glean no prejudice arising from counsel's alleged deficiency in this regard.

The petitioner had been previously convicted of robbing the same victim. In fact, he was on parole from this earlier conviction when he was arrested for robbing the victim again. The petitioner's final ineffective assistance claim is that counsel "opened the door" during his examination of a witness to the introduction of evidence regarding the earlier conviction (Claim No.2e).

With regard to this claim, the trial judge stated

> Furthermore, the Court finds that trial counsel did not cause another conviction to be introduced at trial. The Court did not rule the evidence of the other conviction admissible and it was therefore never introduced to the jury.

Docket Entry No.12-9 at pg.36.

Our reading of the trial transcript confirms that the jury

13

never heard testimony that the petitioner had earlier been convicted of robbing the same victim. In the absence of any perceived prejudice, this claim has no merit.

## IV. Conclusion

The petitioner's first three claims (Claim Nos.1a-c) are not cognizable in a federal habeas corpus action. Two of the petitioner's claims were never properly exhausted in the state courts (Claim Nos.2b,3). The procedural default of the state remedies for these claims is unexcused. For that reason, these claims are insufficient to support an award of habeas corpus relief.

The state courts determined that the petitioner's fully exhausted claims lacked merit (Claim Nos.2a,c-e). The record supports these findings. The petitioner has failed to demonstrate in what way the legal analysis of the state courts ran contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, these claims have no merit.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge